IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MICHAEL K. MATTOX, SR.,

    Plaintiff,

v.                                                                              Case No. 2:21-cv-02013-MSN-tmp

MEMPHIS POLICE DEPARTMENT,

    Defendant.

_____

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
_____

This cause comes before the Court on the Chief Magistrate Judge's Report and Recommendation, (ECF No. 7), issued on January 19, 2021. The Report recommends that Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 2), be denied. (ECF No. 7 at PageID 13–14.) Plaintiff filed timely objections to the Report and Recommendation on January 26, 2021. (ECF No. 8.) The Court **ADOPTS** the Report and Recommendation and **OVERRULES** Plaintiff's objections.

**Background**

On January 6, 2021, Plaintiff filed this *pro se* matter against the Memphis Police Department alleging that a Memphis Police Officer inappropriately touched his genitals him during a pat down. (ECF No. 1 at PageID 1.) That same day, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 2), as well as a Motion for Discovery. (ECF No. 3.)

In a prior matter, this Court identified Plaintiff as a "frequent filer of patently meritless lawsuits." *See Mattox v. All Judges Under United States of America*, 2:19-cv-02542-MSN-dkv,

1

ECF No. 6, at 1–2 (W.D. Tenn. Oct. 11, 2019).  As a consequence, this Court placed pre-filing restrictions on Plaintiff.  *Id.*  Plaintiff must pay the full civil filing fee before commencing suit in this district.  *Id.*

Relying on the Court's prior order, the Chief Magistrate Judge issued his Report recommending that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied and that Plaintiff be required to pay the full civil filing fee before proceeding in this matter.  (ECF No. 7 at PageID 13–14.)  Plaintiff timely filed his objections on January 26, 2021.  (ECF No. 8.) Plaintiff asserts that he has a meritorious case that should be allowed to proceed to trial.  (*Id.* at PageID 15.) He warrants that he would be able to pay the requisite fees once he is victorious.  (*Id.*)

## Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50

F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## Analysis

Plaintiff objects to the Report's recommendation on the ground that he should be able to proceed *in forma pauperis* because he has a meritorious case. (ECF No. 8 at PageID 15.) This objection misses the point.

As the Report notes, Plaintiff is a frequent filer of meritless lawsuits and that pre-filing restrictions have been placed on him.[1] (ECF No. 7 at PageID 13.) Plaintiff's objection does not contest the validity of this pre-filing restriction; he instead asks that it be waived because he believes he has a meritorious case. (ECF No. 8 at PageID 15.) The Court takes no position on the

---

1. Since January 1, 2019, Plaintiff has commenced at least eleven (11) civil suits in this district. *See Mattox v. All Judges Under United States of America*, 2:19-cv-02542-MSN-dkv, ECF No. 5, at 8 n. 5 (W.D. Tenn. Sept. 23, 2019) (listing cases).

merits of Plaintiff's case at this point in the proceedings. That determination can be made after Plaintiff has paid the full civil filing fee in this matter.

Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's objection. Plaintiff shall pay the full civil filing fee of $402 within fourteen (14) days of entry of this Order. Failure to do so will result in this matter being dismissed without further notice.

**IT IS SO ORDERED**, this 22nd day of March, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE